IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN G. JOHNSTON, JR.,
KATHY L. JOHNSTON and
CHASE K. JOHNSTON,

       Plaintiffs,

v.                                   CV 14-1043 WPL/SCY

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

On the night of December 28, 2012, the home owned by Stephen and Kathy Johnston in Columbia, Missouri, was vandalized. In addition to damaging the home, the vandals destroyed and stole personal property owned by the Johnstons and their son Chase. The Johnstons had homeowner's insurance with American Family Mutual Insurance Company to cover the home and its contents. In September of 2013, the Johnstons filed a formal claim with American Family to recover for their losses. American Family paid the Johnstons $71,583.82 for damage to the home, approximately $41,000 for personal property loss, and $21,577.57 for additional living expenses incurred. The Johnstons contend that American Family has not fully reimbursed them and that they are entitled to additional compensation for the losses caused by the vandals.

In October of 2013, the Johnstons moved to Santa Fe, New Mexico, taking with them the contents of their home in Missouri. American Family continued to attempt to resolve the Johnstons' claim, and it retained Crawford & Company to assist it in doing so. On October 4, 2013, Anthony Vasquez, an employee of Crawford & Company, made a visit to the Johnstons'

residence in Santa Fe to inventory their personal property in connection with the claim. Also, on April 22, 2014, in Columbia, Missouri, Stephen Johnston gave a statement under oath before a court reporter concerning the claim. Three months later, on July 22, 2014, American Family filed suit against the Johnstons in state court in Missouri, alleging that the insurance policy is void as a result of the Johnstons' actions after the loss, and alternatively that the Johnstons have been fully compensated for their losses. On September 3, 2014, the Johnstons filed suit against American Family in New Mexico state court alleging claims for breach of contract, bad faith and violation of the New Mexico Unfair Claims Practices Act, and American Family removed the case to federal court.

American Family has moved to dismiss the Johnstons' complaint, arguing that the Johnstons have failed to demonstrate that the Court has personal jurisdiction over American Family. (Doc. 6.) The parties do not dispute that: 1) American Family is a mutual company formed under the laws of the State of Wisconsin, with its principal place of business in Madison, Wisconsin; 2) American Family writes insurance in nineteen states, but does not transact business in the State of New Mexico; 3) American Family does not advertise, market or offer services for sale in New Mexico; 4) American Family is not registered to do business in New Mexico, has never written an insurance policy in New Mexico, and has never collected any insurance premiums in New Mexico; 5) American Family has no office or place of business in New Mexico; and 6) American Family has no real property, assets or employees in New Mexico.

To establish personal jurisdiction over American Family, the Johnstons must show that jurisdiction is legitimate under the laws of New Mexico and that the exercise of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *Fireman's Fund Ins. Co. v. Thyssen Mining Constr. of Can., Ltd.*, 703 F.3d 488, 492 (10th Cir. 2012); *Zavala v. El Paso*

*Cnty. Hosp. Dist*., 172 P.3d 173, 179 (N.M. Ct. App. 2007). New Mexico's long-arm statute, N.M. STAT. ANN. § 38-1-16, has been interpreted to be coextensive with the constitutional limitations imposed by the Due Process Clause. *Fireman's Fund*, 703 F.3d at 492-93; *Tercero v. Roman Catholic Diocese of Norwich,* 48 P.3d 50, 54 (N.M. 2002). "Personal jurisdiction over a nonresident defendant satisfies due process if there are sufficient 'minimum contacts between the defendant and the forum State.'" *Fireman's Fund*, 703 F.3d at 493 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

The Johnstons concede that American Family does not have continuous and systematic contacts with New Mexico that would support general jurisdiction, but assert that the Court has specific jurisdiction over American Family. To establish specific jurisdiction, the Johnstons must show that American Family has sufficient minimum contacts with New Mexico and that jurisdiction over American Family does not offend traditional notions of fair play and substantial justice. *Id*.; *Zavala*, 172 P.3d at 179. The minimum contacts must show that American Family purposefully availed itself of the privilege of conducting activities in New Mexico. *Fireman's Fund*, 703 F.3d at 493; *Zavala*, 172 P.3d at 178. The contacts with New Mexico must make being sued in New Mexico foreseeable so that American Family could "reasonably anticipate" the suit. *Fireman's Fund*, 703 F.3d at 493 (quoting *World-Wide Volkswagen Corp*., 444 U.S. at 297). The litigation must result from alleged injuries that arise out of or relate to the activities conducted within New Mexico. *Id*.; *Zavala*, 172 P.3d at 179.

Whether American Family has purposefully availed itself of the privilege of conducting activities in New Mexico turns on whether American Family's contacts with New Mexico are attributable to its own actions or are due solely to the actions of the Johnstons or some third party. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985). Examples of "purposeful

availment" include: directly soliciting business in a state; conducting contract negotiations in a state; deliberately engaging in significant activities within a state; and creating continuing obligations with residents of a state. *Id.* at 475-76; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . ." *Burger King Corp.*, 471 U.S. at 475.

The Johnstons bear the burden of establishing personal jurisdiction over American Family. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007).  Because American Family's motion to dismiss is being decided without an evidentiary hearing, I will construe the pleadings and affidavits in the light most favorable to the Johnstons, and they need only make a prima facie showing of jurisdiction. *Id.*

To establish purposeful availment, the Johnstons rely upon American Family's actions in retaining Crawford & Company and sending its adjuster to their home in Santa Fe to inventory their property. The Johnstons emphasize that they did not dictate that American Family retain an adjuster with an office in New Mexico to adjust their claims. In a similar vein, however, American Family did not dictate to the Johnstons that they move to New Mexico, and the Johnstons concede that the move was voluntary. It was fortuitous that the Johnstons moved to New Mexico while their claim was pending. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1420 (10th Cir. 1988); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010). Further, the Johnstons fail to acknowledge that the insurance contract obligated American Family to adjust the Johnstons' claim regardless of where they resided.  *Davis v. Am. Family Mut. Ins. Co.*, 861 F.2d 1159, 1162 (9th Cir. 1988); *Whittaker v. Med. Mut. of Ohio*, 96 F. Supp. 2d 1197, 1201 (D. Kan. 2000).

An analogous situation was before the court in *Davis*. 861 F.2d 1159. Davis, a resident of Montana, was involved in a car accident with Lee Krogen in North Dakota. *Id*. at 1160. American Family insured Krogen, and Davis sued American Family in Montana for damages. *Id*. In response to American Family's motion to dismiss for lack of personal jurisdiction, Davis argued that American Family purposefully availed itself of the privilege of conducting business in Montana by hiring an adjuster with an office in Montana to investigate and adjust Davis's claim and by corresponding with Davis in Montana by telephone and mail concerning his claim. *Id*. at 1162. The Ninth Circuit rejected these arguments, holding that American Family hired the adjuster and corresponded with Davis in Montana only because Davis returned to Montana after the accident and "American Family's activities in Montana were conducted for the sole purpose of fulfilling its obligation to adjust Davis' claim pursuant to its insurance contract with North Dakota resident Krogen." *Id*. Because American Family's actions did not demonstrate purposeful availment of the privilege of conducting business in Montana, the district court properly granted American Family's motion to dismiss for lack of personal jurisdiction. *Id*. Despite the fact that American Family relied heavily upon *Davis* in its Motion to Dismiss, the Johnstons failed to discuss *Davis* in any way in their Response. (Doc. 6 at 6-7; Doc. 15.)

The court reached the identical conclusion in *Whittaker*. 96 F. Supp. 2d at 1201. Whittaker taught at Ohio State University from 1989 to 1994, and was covered under a health care plan issued by Medical Mutual of Ohio. *Id*. at 1198-99. In 1996 Whittaker moved to Kansas to seek medical treatment at the Menninger Institute. *Id*. Whittaker claimed that four contacts established jurisdiction over Medical Mutual in Kansas: 1) Medical Mutual agreed to pay for medical care she received in Kansas; 2) Medical Mutual made payments to the Menninger Institute in Kansas; 3) Whittaker and the Menninger Institute were informed in Kansas that

Medical Mutual was stopping payments; and 4) Medical Mutual used a local agent, Blue Cross Blue Shield of Kansas, to process Whittaker's claims. *Id*. at 1200. The court rejected all of Whittaker's arguments. As to the first contact, because Medical Mutual was obligated to carry out its insurance contracts no matter in which state Whittaker sought treatment, its acknowledgement of its obligations to make payments under the insurance plan did not constitute purposeful availment. *Id*. As to the second and third contacts, Medical Mutual making payment of certain claims and giving notice of termination of payment were not sufficient to establish minimum contacts in light of Whittaker's unilateral decision to seek treatment in Kansas. *Id*. Further, Medical Mutual's mail sent to Whittaker in Kansas and phone contacts with her while she lived there were not sufficient to support jurisdiction in Kansas. *Id*. at 1200-01.

As to the fourth contact, Whittaker argued that Medical Mutual's decision to use Blue Cross Blue Shield of Kansas to process her claims established sufficient minimum contacts. The court rejected this argument because Medical Mutual hired Blue Cross only to fulfill its obligation to process her claims. *Id*. The court held that the use of a local adjuster to assist with processing a claim "is not purposeful availment, but the direct result of plaintiff's unilateral decision to move to Kansas." *Id.* at 1202 (citing *Davis*, 861 F.2d at 1162).

The same reasoning applies here. American Family retained the services of Crawford & Company only because the Johnstons relocated to New Mexico while their claim was pending. American Family's actions do not demonstrate that it purposefully availed itself of the benefits and protections of New Mexico law. Thus, New Mexico lacks personal jurisdiction over American Family, and American Family's motion to dismiss must be granted.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.